Filed 1/19/22  P. v. Alvarez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR ALVAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B310892<br>(Super. Ct. No. TA076008)<br>(Los Angeles County) |

      Salvador Alvarez ("appellant") appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95[1] for his prior convictions of attempted premeditated murder.  The trial court denied his petition without appointing counsel after concluding that persons convicted of attempted murder are ineligible for relief under section 1170.95.  We reverse and remand with instructions.

---

[1] All further statutory references are to the Penal Code.

In March 2005, a jury convicted appellant of two counts of attempted premeditated murder (§§ 187, subd. (a), 664) and three counts of shooting at an inhabited dwelling or vehicle (§ 246). The jury found true the allegation that the offenses were committed for the benefit of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)), and further found true the firearm enhancement allegations, specifically: a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c), (e)(1)), a principal was armed with a firearm (§12022, subd. (a)(1)), and a principal was armed with an assault weapon (§ 12022, subd. (a)(2)). (*People v. Alvarez et al.* (Aug. 16, 2006, B182761) [nonpub. opn.] (*Alvarez*).) Appellant was sentenced to life with the possibility of parole plus 20 years. On appeal, this court affirmed but modified the judgement to stay the imposition of the firearm enhancements pursuant to section 12022, subdivision (a)(1). (*Alvarez, supra*, B182761, slip opn. at p. 4.)

In January 2021, appellant filed a petition for resentencing pursuant to section 1170.95 on the basis that "Senate Bill [No.] 1437 extends to attempted murder." (Capitalization and bold omitted.) The trial court denied his petition because appellant "was not convicted of murder." During the pendency of this appeal, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775). (Stats. 2021, ch. 551, § 2.) This legislation, which took effect on January 1, 2022, amends section 1170.95 to permit certain persons convicted of attempted murder to seek relief.

We requested supplemental briefing to address SB 775's effect, if any, on appellant's pending appeal. Both parties agreed the matter should be remanded to permit the trial court to

appoint counsel for appellant and conduct further proceedings under the newly amended section 1170.95. We agree.

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder." (Stats. 2018, ch. 1015, § 1, subd. (f); §§ 188, 189; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Section 1170.95 was enacted as part of SB 1437 "to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile* (2020) 10 Cal.5th 830, 843; *Lewis*, at p. 959.)

On October 5, 2021, the Governor approved SB 775, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) The new legislation amends subdivision (a) of section 1170.95 to read, in pertinent part: "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts . . . ." (Stats. 2021, ch. 551, § 2.)

Respondent concedes that under the amended section 1170.95, "[a]ppellant may be able to establish a prima facie showing of eligibility" because the record of conviction does not necessarily preclude, as a matter of law, the possibility that appellant was convicted of two counts of attempted murder based on the natural and probable consequences doctrine. (See *Lewis, supra*, 11 Cal.5th at pp. 970-972 [where the record of conviction does not refute the claims of eligibility in the section 1170.95 petition, petitioner has made a prima facie showing for relief].)

3

We express no opinion on whether the trial court should grant relief.

DISPOSITION

The order denying appellant's section 1170.95 petition is reversed and remanded with instructions to appoint counsel for appellant and to proceed consistent with the pertinent provisions of section 1170.95.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Michael Shultz, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.